UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>DE LA CRUZ, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00812-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 9) |

Plaintiff Jared Andrew Martin is appearing pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed July 19, 2022.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

De La Cruz would put the handcuffs on Plaintiff and twist his arms for no reason. There are many witnesses who saw De La Cruz use the "devices" and "gimmicks" on Plaintiff to brutalize him. Officer De La Cruz "took every chance he could get to assault and abuse" Plaintiff.

"The floor, flooding cells, busted shoes, socks and turning off the telephones and television then telling inmates it is my fault," to get Plaintiff jumped.

## III.

## DISCUSSION

### A.     Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898,

903 (9th Cir. 2002). To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Although Plaintiff contends that Defendant De La Cruz would place the handcuffs on him too tightly and twist him arm, Plaintiff's allegations are conclusory and unsupported by sufficient factual allegations explaining the events and circumstances that led up to Defendant De La Cruz's alleged use of force on Plaintiff. Therefore, Plaintiff has not sufficiently pled facts showing that Defendant De La Cruz applied force to Plaintiff maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson, 503 U.S. at 6–7. Consequently, Plaintiff has failed to state a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant De La Cruz.

**B.     Conditions of Confinement**

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993).

The Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be,

objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See id. at 732-733; see, e.g., Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").  The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." See, e.g., Farmer, 511 U.S. at 834 (inmate safety); Wilson, 501 U.S. at 302-03 (general conditions of confinement); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health).

Neither negligence nor gross negligence will constitute deliberate indifference. See Farmer, 511 U.S. at 835-37 & n.4.  A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id.  An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. Id. at 842.

Plaintiff makes vague reference to the fact of flooded cells, busted shoes and turning off the telephones and television.  However, Plaintiff allegations are devoid of factual support to demonstrate either the objective or subjective component of an Eighth Amendment deliberate indifference claim. Accordingly, based on the limited allegations the Court cannot determine whether Plaintiff states a plausible claim for relief.

### C.    Deliberate Indifference to Safety

Plaintiff contends that officer De La Cruz would turn off the phones and televisions and tell other inmates that it was Plaintiff's fault to entice other inmates to jump Plaintiff.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. at 832 . In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Cortez v. Skol, 776 F. 3d 1046, 1050 (9th Cir. 2015); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980).

The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. Id. at 837.

A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner, Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986); see also Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately spreading rumor that prisoner is snitch may state claim for violation of right to be protected from violence while in state custody), or by physical conditions at the prison. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See Farmer, 511 U.S. at 837. However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough

5

1  that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. See
2  id. at 842; see also Lemire v. Cal. Dept. Corrections & Rehabilitation, 726 F.3d 1062, 1078 (9th Cir.
3  2013) (articulating two-part test for deliberate indifference: plaintiff must show, first, that risk was
4  obvious or provide other evidence that prison officials were aware of the substantial risk to the
5  inmates' safety, and second, no reasonable justification for exposing inmates to risk); Robins v.
6  Meecham, 60 F.3d 1436, 1439-40 (9th Cir. 1995) (bystander-inmate injured when guards allegedly
7  used excessive force on another inmate need not show that guards intended to harm bystander-inmate).
8  This is a question of fact. Farmer, 511 U.S. at 842; Labatad v. Corrections Corp. of America, 714 F.3d
9  1155, 1160 (9th Cir. 2013) (finding no deliberate indifference to prisoner's safety where the record,
10 viewed objectively and subjectively, did not lead to an inference that the prison officials responsible
11 for making the prisoner's cell assignment were aware that he faced a substantial risk of harm).

12      Here, Plaintiff fails to provide sufficient factual details to support his deliberate indifference
13 claim based on the alleged misconduct by officer De La Cruz.  Indeed, Plaintiff fails to indicate what
14 exactly was said to the other inmates, when the information was said to the other inmates, and any
15 response by other inmates.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

16      **D.**     **No Leave to Amend**

17      The Court will recommend that first amended complaint be dismissed without leave to
18 amend because Plaintiff was previously notified of the deficiencies and has failed to correct them. A
19 plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has
20 no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners,
21 LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (internal citations and quotation marks
22 omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the]
23 allegations—none of which, according to [the district] court, was sufficient to survive a motion to
24 dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000)
25 (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in the
26 complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff
27 the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds
28 by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. Of

Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to his claims, the district court's discretion to deny leave to amend is particularly broad." Zucco, 552 F.3d at 1007 (quotations and citations omitted).  In light of Plaintiff's failure to provide additional information about his claims despite specific instructions from the court, the Court finds that further leave to amend would be futile and the first amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). The repetitious filing of conclusory pleadings does not warrant granting Plaintiff additional leave to amend.  Accordingly, the Court will recommend that the complaint be dismissed without leave to amend.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief without further leave to amend.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 27, 2022**

UNITED STATES MAGISTRATE JUDGE