UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DE LA CRUZ, et al.,<br><br>　　　　　Defendant. | No.  1:22-cv-00812-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY MAGISTRATE JUDGE<br><br>(Doc. No. 12)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 11) |

On July 1, 2022, plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. No. 1.)  The matter was referred to United States Magistrate Judge Stanley Boone pursuant to 28 U.S.C. § 636(b)(1)(B).  On July 7, 2022, the magistrate judge granted plaintiff's motion to proceed *in forma pauperis*.  (Doc. No. 6.)  After screening the initial complaint, the magistrate judge determined that plaintiff had failed to state a cognizable claim and granted him leave to amend.  (Doc. No. 7.)  In the order granting leave to amend, the magistrate judge addressed seven potential causes of action that plaintiff appeared to raise in his complaint.  (*Id.*)  For each of those causes of action, the magistrate judge included information regarding the applicable legal standard that could help guide plaintiff in filing an amended complaint.  (*Id.*)  On July 19, 2022, plaintiff filed an amended complaint.  (Doc. No. 9.)  On July

1

27, 2022, the magistrate judge issued findings and recommendations that recommended dismissing this action due to plaintiff's failure, again, to state a cognizable claim. (Doc. No. 11.) Those findings and recommendations were served on plaintiff and contained notice that plaintiff could file objections within fourteen days of service. (*Id.*) On August 1, 2022, plaintiff filed a Motion to Impeach a Judge Magistrate. (Doc. No. 12.) Four days later, on August 5, 2022, plaintiff filed timely objections to the findings and recommendations. (Doc. No. 13.)

## I.

### Plaintiff's motion to disqualify the magistrate judge

At the outset, the court will address plaintiff's motion to impeach the magistrate judge, which this court construes as a motion to disqualify under 28 U.S.C. § 144. (Doc. No. 12.) A party can seek to disqualify a judge based on a "personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The party seeking to disqualify the judge must submit an affidavit stating "the facts and the reasons for the belief" that the judge is biased or prejudiced. *Id.* The moving party must also file an accompanying certificate stating that the motion to disqualify has been made in good faith. *Id.* A reviewing judge may only grant a motion to disqualify after determining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)). "Judicial rulings alone almost never constitute a valid basis" upon which to disqualify a judge. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Plaintiff's] allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal."). Additionally, critical, disapproving, or hostile judicial remarks will only support disqualification 'if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky*, 510 U.S. at 555. Normal "expressions of impatience, dissatisfaction, annoyance, and even anger" will not support a request for disqualification. *Id.*

Here, plaintiff argues that the magistrate judge has acted "as an advocate of prisoner torture and terrorism." (Doc. No. 12 at 1.) Plaintiff also appears to take issue with the magistrate

judge's legal determinations after screening plaintiff's complaints.  As discussed above, an adverse judicial ruling, without more, will not support an effort to disqualify a judge.  Plaintiff has provided no evidence that would give this court any reason to find that the magistrate judge has a bias or prejudice against him.  Nor does the docket contain any expressions of favoritism or antagonism from the magistrate judge to support disqualification.  This court will, therefore, deny plaintiff's motion.

## II.

### The magistrate judge's findings and recommendations

After determining that the magistrate judge is not disqualified from hearing plaintiff's case, the court turns to the findings and recommendations issued on July 27, 2022.  (Doc. No. 11.) In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. Plaintiff's motion to disqualify the magistrate judge (Doc. No. 12) is denied;
2. The findings and recommendations issued on July 27, 2022 (Doc. No. 11) are adopted;
3. This action is dismissed due to plaintiff's failure to state a cognizable claim upon which relief may be granted; and
4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   September 15, 2022

UNITED STATES DISTRICT JUDGE

3